# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JANE ROE,

      **Plaintiff,**

v.

JAVAUNE ADAMS-GASTON, et al.,

      **Defendants.**

Case No. 2:17-cv-945
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on Plaintiff Jane Roe's Motion for Leave to Proceed Anonymously [ECF No. 4]. Defendants do not object to this request.

A complaint generally must state the names of all parties. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). However, the Court may excuse a plaintiff from identifying herself in certain circumstances. *Id.* A plaintiff can proceed anonymously only if her privacy interests substantially outweigh the presumption of open judicial proceedings. *Id.* Several considerations guide this inquiry: (1) whether the plaintiff is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy"; (3) whether the litigation compels the plaintiff to disclose an intention to violate the law; and (4) whether the plaintiff is a child. *Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

The Court has balanced Plaintiff's privacy interests against the public's right of access to court proceedings. *See Porter*, 370 F.3d at 560. That Plaintiff is challenging a governmental activity weighs in favor of her request to proceed anonymously. And, critically, given the circumstances of this case, requiring Plaintiff to proceed under her real name would disclose

information of the utmost intimacy, including education records protected from disclosure by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g; 34 C.F.R. pt. 99. For these reasons, Plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings, and the Court **GRANTS** Plaintiff's Motion for Leave to Proceed Anonymously [ECF No. 4] as "Jane Roe."

Plaintiff shall inform the Court if her identity becomes public knowledge at any point during the litigation. The Court would, in that situation, reconsider the analysis supporting Plaintiff's request to proceed anonymously.

**IT IS SO ORDERED.**

11-2-2017
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**